# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEWIS SCOTT, #78107-083, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PX-16-3234 |
| WARDEN TIMOTHY STEWART, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

Respondent moves to dismiss or for summary judgment in response to the above-entitled Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. ECF No. 3. Petitioner opposes the motion, ECF No. 5, and Respondent has filed a Reply. ECF No. 6. For the reasons stated herein, Respondent's motion, construed as a Motion for Summary Judgment,[1] shall be granted, and the Petition shall be dismissed.

## I. Background

Petitioner Lewis Scott ("Scott") is a Federal Bureau of Prisons ("BOP") inmate confined to the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). By his petition, Scott raises claims regarding an adjustment of his prison sentence for violating institutional rules that resulted in deducting 141 days of his good conduct time. ECF No. 1.[2]

Scott is serving a 95-month sentence following his conviction for conspiring to distribute drugs. Decl. of Tiffanie Little, ECF No. 3-2 at 2. At the time of the incident, Scott was confined

---

[1] Respondent's dispositive submission will be treated as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56 because materials outside the original pleadings will be considered. *See Bosiger v. U.S. Airway*s, 510 F.3d 442, 450 (4th Cir. 2007).

[2] This opinion references the pagination found on the Clerk's electronic docket.

at FCI-Schuykill.[3] *Id.* On August 19, 2014, an eight-inch sharpened toothbrush was found under the locker of Scott's cell mate. Incident Report, ECF No. 3-2 at 10. Neither Scott nor the cell mate admitted ownership. DHO Report, ECF No. 3-2 at 18. Karl Christeleit, a BOP Case Manager, prepared an Incident Report charging Scott with violating Code 104, "Possession of a Weapon." *Id.* A photograph taken on the day of the incident "clearly depicts the homemade weapon as described in the report." DHO Report, ECF No. 3-2 at 18.

The Unit Disciplinary Committee ("UDC") held an initial hearing on August 22, 2014, attended by Scott. Incident Report, ECF No. 3-2 at 10. The UDC recommended that the Incident Report be expunged because the weapon was found under another inmate's locker and there was a "lack of concrete evidence linking the weapon to Scott." *Id.* Despite its recommendation, the UDC referred the charge to the Discipline Hearing Officer ("DHO") for further hearing, because a finding of guilt would warrant greater sanctions than the UDC could impose. *Id*. The UDC advised Scott of his rights to have a full-time staff member represent him at the DHO hearing and to call witnesses and present documentary evidence on his behalf. Inmate Rights at Discipline Hearing, ECF No. 3-2 at 13. Scott indicated he did not wish to have any witnesses, and asked Counselor Kranzel to serve as his staff representative. Notice of Discipline Hearing before the DHO, ECF No. 3-2 at 15.

Scott and Kranzel appeared before the DHO on September 8, 2014. DHO Report, ECF No. 3-2 at 17. When asked to comment on the incident, Scott stated, "I don't know anything about it; I was in the cube at the time of the search, my cellie was at work." *Id*. Scott did not call any witnesses or present any documentary evidence. *Id*. After a review of all of the relevant

---

[3] Jurisdiction over an action under 28 U.S.C. § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011); *United States v. Hinton*, 347 Fed. App'x 885 (4th Cir. 2009). Because Scott is confined in this district, this Court maintains jurisdiction over the instant claim.

2

evidence, including Scott's statements, the Incident Report, and a photograph of the weapon, the DHO concluded that Scott was guilty of possessing a weapon, and imposed 60 days disciplinary segregation, deducted 41 days of Scott's good conduct time, ordered 100 days of his non-vested good conduct time to be forfeited, and suspended his phone and visitation privileges for one year. *Id*. at 18.

Scott properly appealed the DHO sanctions at the Regional and Central Office levels before filing this lawsuit. Administrative Remedy Generalized Retrieval, (Nov. 7, 2016), ECF No. 3-2 at 22–25. He has consistently argued that he should not be charged with "constructive possession" because the weapon was found in a common area of the cell that he shared with another prisoner and to which others had access. ECF No. 1 at 4; ECF No. 5 at 1. Scott states that both the correctional officer who filed the incident report and the Central Office that had considered his administrative remedy appeal recommended the matter be expunged. ECF No. 5 at 2. In his opposition response, Scott argues that his due process rights were violated because the weapon was not subjected to DNA testing and fingerprint to determine its true ownership. *Id.* at 3.

## II.     Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247–48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644–45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### III. Analysis

Scott argues that due process requires a higher demonstration of proof to support a disciplinary hearing officer's finding of fact, to include DNA testing. ECF No. 5 at 1. He misreads existing precedent. In prison disciplinary proceedings where a prisoner faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues;

(5) an impartial decision-maker; and (6) a written decision. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 504–05 (4th Cir. 2004). As long as the hearing officer's decision is in writing and sets forth the evidence upon which the officer relied, due process is satisfied. *See Baxter*, 425 U.S. at 322 n.5. Moreover, substantive due process is satisfied if the hearing officer's decision was based upon "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Additionally, federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir. 1990). Nor is the sanction of revoking good time credit comparable to a criminal conviction so that additional due process concerns are triggered. *Wolff*, 418 U.S. at 556.

In the prison disciplinary context, constructive possession provides sufficient evidence of guilt if relatively few inmates have access to the area where the contraband was found. *McClung v. Hollingsworth*, 2007 WL 1225946, at *3 (4th Cir. Apr. 26, 2007) (contraband found in cell that was the exclusive domain of the petitioner and his cell mate); *Santiago v. Nash*, 224 Fed. App'x. 175, 177 (3rd Cir. 2007) (contraband found taped to inmate's bed was sufficient evidence where only "a small number of inmates were potentially guilty of the offense charged"); *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) (constructive possession provides some evidence of guilt where only two inmates had access to the contraband).

Furthermore, courts have rejected prisoners' due process challenges to the lack of DNA or fingerprint analyses to support claims of constructive possession. *See Bates v. Martin*, 2015 WL 849035, at *3 (E. D. Tex., Feb. 23, 2015) (prisoner at hearing could not examine cell phone and other contraband found in his cubicle to determine fingerprints); *Weston v. Fairley*, 2013 WL 821408, at *3 (N. D. Oh., Mar. 5, 2013) (weapon found under prisoner's locker); *Uriciuoli v. Gutierrez*, 2012 WL 2449909, at *6 n.6 (C. D. Cal., May 1, 2012) (substantive due process satisfied because no established due process right to fingerprinting or polygraph and neither request would negate fact that contraband was found in prisoner's cell); *Siyam v. Graber*, 2011 WL 3665427, at *4 (D. Ariz., June 17, 2011) (prisoner denied opportunity to initiate his own investigation by fingerprinting pack of cigarettes found in his living area). In this regard, a prisoner's due process rights are not implicated if his disciplinary determination has some basis in fact.

The parties never disputed that the weapon was found during a search of the living area assigned to Scott and his cell mate. Scott also testified that his cell mate was "at work" and not in the area at the time of the search and that Scott was present in "the cube" at the time the weapon was found under the other man's locker. DHO Report, ECF No. 3-2 at 17. In finding Scott responsible, the DHO noted that prisoners "are responsible for the contents of their immediate living areas and to ensure those areas are clear of any contraband." *Id.* at 18. The DHO concluded that the "greater weight of the evidence" supports the finding that Scott possessed the weapon. *Id*. As such, the record clearly establishes that there was "some evidence" to support the disciplinary decision by the DHO in this matter. Nothing more is constitutionally required.

Based on the undisputed facts before this Court, Scott's requested relief cannot be granted and Respondent is entitled to summary judgment. A separate order follows.

|          5/5/17          |                    /S/                     |
|--------------------------|--------------------------------------------|
| Date                     | Paula Xinis                                |
|                          | United States District Judge               |